# Exhibit D

**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of Teamsters Local 710 Pension Fund ("Teamsters 710"), Macomb County Employees' Retirement System and Macomb County Retiree Health Care Fund (collectively, "Macomb County" and together with Teamsters 710, the "Pension Funds") for appointment as Lead Plaintiff in the securities class action (the "Action") against FMC Corporation ("FMC" or the "Company") and certain of its senior executives (collectively, "Defendants"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of our selection of Labaton Keller Sucharow LLP ("Labaton") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

2. I, Michael O'Malley, am the administrator of Teamsters 710 and am authorized to make this declaration on its behalf. Teamsters 710 oversees approximately $4 billion in investments for the benefit of participants and their beneficiaries. As reflected in its certification, Teamsters 710 purchased a significant number of FMC shares during the Class Period at issue in this litigation and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this Action. Teamsters 710 is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

3. We, Mark F. Deldin, Chairman of Macomb County Employees' Retirement System, and Harold Haugh, Chairman of a Macomb County Retiree Health Care Fund, are authorized to make this declaration on Macomb County's behalf. Macomb County Employees'

- 1 -

Retirement System is a single employer defined benefit plan that oversees over $1 billion in total assets on behalf of its members.  Macomb County Retiree Health Care Fund is a related public employee health and welfare trust.  As reflected in their certifications, Macomb County purchased a significant number of FMC shares during the Class Period at issue in this litigation and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this Action. Macomb County is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.      Counsel for the Pension Funds notified each institution about their respective losses in connection with the allegations against Defendants in early February 2025.  Following discussions with counsel, and after reviewing the results of counsel's initial investigation into the allegations, Macomb County instructed its counsel to file a complaint against Defendants to protect their claims and the claims of similarly situated investors.  Counsel for Macomb County filed a complaint against Defendants on February 14, 2025.  Subsequent to this filing, Macomb County instructed its counsel to continue its investigation into the allegations against Defendants.

5.      Counsel informed Teamsters 710 about the action filed by Macomb County against Defendants.  Subsequently, counsel continued to update both Macomb County and Teamsters 710 regarding their ongoing investigation into the allegations against Defendants.

6.      After reviewing these findings, and the complaint filed by Macomb County, Teamsters 710 decided to move for appointment as Lead Plaintiff in the Action.  Moreover, Teamsters 710 decided to move for appointment alongside Macomb County, the institution that had already been overseeing counsel's investigation into the Action and had filed a complaint against Defendants.  Macomb County decided to move for appointment alongside Teamsters 710, which had similarly been overseeing counsel's investigation.

7.      Our decision to seek appointment as Lead Plaintiff together was informed by a variety of factors, including the fact that we are each sophisticated institutional investors with substantial experience serving alongside other institutions as lead plaintiff.  *See, e.g.*, *Sheet Metal Workers' Nat'l Pension Fund v. Bayer A.G.*, No. 20-cv-04737 (N.D. Cal.) (in which Teamsters 710 served as lead plaintiff, and where a notice of settlement was recently filed); *City of Birmingham Ret. and Relief Sys. v. Credit Suisse Group AG*, No. 17-cv-10014 (S.D.N.Y.) (which resulted in a favorable $15.5 million settlement for the class, led by Teamsters 710); *In re DFC Global Corp. Sec. Litig.*, No. 13-cv-06731-BMS (E.D. Pa.) (where Macomb County, working alongside other institutional investors, achieved a favorable $30 million settlement for a class of investors).  Thus, we are each familiar with the benefits of having multiple institutions serving in the lead plaintiff role, including the ability to confer, with and without counsel, regarding critical decisions such as whether to accept a settlement offer.  Additionally, the Pension Funds are familiar with one another through filing a joint motion for lead plaintiff appointment in *Ofi Invest Asset Management, et al v. Lamb Weston Holdings, Inc.*, No. 24-cv-00282 (D. Idaho).

8.      Further, we decided to direct Labaton and Cohen Milstein to jointly serve as Lead Counsel so that the Pension Funds and other Class members could benefit from each firm's experience and investigations into the Action.  The Pension Funds are aware that Labaton and Cohen Milstein have coordinated in the prosecution in several securities class action lawsuits, including *Rubin v. MF Global, Ltd.*, No. 1:08-cv-02233 (S.D.N.Y) (resulting in a favorable $90 million settlement for investors); *In re JELD-WEN Holding, Inc. Sec. Litig.*, No. 20-cv-00112 (E.D. Va) (resulting in a favorable $40 million settlement for investors); *In re Nike Inc. Sec. Litig.*, No. 24-cv-00974 (D. Or.) (ongoing); and *In re The Boeing Co. Sec. Litig.*, No. 1:24-cv-151 (E.D. Va.) (ongoing).  Both Labaton and Cohen Milstein are highly-accomplished, well-regarded law firms with histories of achieving impressive settlements and corporate governance reforms in

securities class actions, and we fully believe that counsel will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the class.

9.  We are strongly motivated to recover the significant losses incurred as a result of the alleged violations of the federal securities laws.  Our primary goal in seeking appointment as Lead Plaintiff is to ensure that this litigation is supervised by experienced and sophisticated institutional investors and efficiently litigated by well-qualified counsel, to achieve the best possible recovery for all class members from all potentially culpable parties.  Furthermore, we believe it is important that the group of persons with the largest financial loss in the relief sought, that also meet the typicality and adequacy requirements of Federal Rule of Civil Procedure 23, be appointed Lead Plaintiff.

10.  We understand that the PSLRA and courts permit small, cohesive groups of investors to serve as lead plaintiff provided that those groups are able to direct the litigation in the best interests of the class.  To that end, we believe that in this case, a small group of two investors fits these criteria, and we intend to prosecute the litigation in a collaborative and cohesive manner.  Because we have incurred significant losses as a result of the alleged misconduct and share the common goal of ensuring that this Action is prosecuted diligently, we believe that our joint prosecution of this litigation will benefit the class.

11.  In order to formalize our joint leadership of this Action, on April 11, 2025, we convened a joint conference call, during which we discussed a number of matters, including: the allegations in the complaint; our counsel's proprietary investigative efforts into the alleged misconduct; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together to jointly prosecute the litigation in a collaborative and cohesive manner; the advantages of having Labaton and Cohen Milstein, experienced and well-regarded counsel, serve as Lead Counsel; and procedures and mechanisms for communication and

- 4 -

decision-making that will ensure that the proposed class will benefit from our supervision of counsel. We discussed our shared views that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this Action is litigated as zealously and efficiently as possible.

12. We will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel in order to ensure that the litigation is prosecuted in the best interests of the class. Based on our past experience serving as lead plaintiffs, we have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary. For instance, we each have staff that will review major case filings and discuss any questions or issues that arise via email and conference calls as needed. We will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions.

13. Based on our experience serving as lead plaintiff alongside other institutions, we do not believe any disagreements will arise that cannot be resolved through discussion and collaboration between our funds. Further, based on our communications to date, we believe we are aligned in our objective to maximize the recovery for investors through this litigation. However, in the unlikely event that any such disputes arise, the Pension Funds will engage in thorough discussion with each other and their counsel to come to a resolution.

14. We understand that it is the lead plaintiff's obligation under the PSLRA to select qualified lead counsel and to supervise lead counsel's prosecution of this case to ensure that the Action is prosecuted without unreasonable expense or cost. We have instructed Labaton and Cohen Milstein that this Action should be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our mandate. Furthermore, we have negotiated a

- 5 -

retainer with Labaton and Cohen Milstein that provides for a reasonable fee request to the Court for approval if the Action is successful.

15.    We have directed counsel to advise us of all developments during the lead plaintiff motion process as well as to provide us with updates regarding counsel's ongoing investigation. We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed class by reviewing pleadings, holding joint calls with and without counsel as needed, among other things.  Furthermore, we have instructed counsel to provide us with monthly or quarterly updates on the progress of the litigation, or as frequently as is otherwise necessary.

16.    We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with and overseeing counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as necessary, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that the Action will be vigorously prosecuted consistent with the PSLRA's lead plaintiff obligations and in the best interests of the class.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

DATED: <u>2025-04-11</u>

*Michael O'Malley*

Michael O'Malley
Administrator
*Teamsters Local 710 Pension Fund*

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

DATED:  4/14/2025

DocuSigned by:

*Mark Deldin*

Mark F. Deldin

Chairman

*Macomb County Employees' Retirement System*

- 8 -

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

DATED:  4/11/2025

DocuSigned by:

*Harold Haugh*

Harold Haugh
Chairman
*Macomb County Retiree Health Care Fund*