IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MUSHTAQ MOHAMMED, Individually and
on Behalf of All Others Similarly Situated,  :

    Plaintiff,  :

v.  :  No. 2:25-cv-00771

FMC CORPORATION, MARK A. DOUGLAS,  :
PIERRE R. BROUNDEAU, and ANDREW D.  :
SANDIFER,  :

    Defendants.  :
--------------------------------------------------- :
MACOMB COUNTY EMPLOYEES'  :
RETIREMENT SYSTEM AND MACOMB  :
COUNTY RETIREMENT HEALTH CARE  :
FUND, Individually and on Behalf of All  :
Others Similarly Situated,  :

    Plaintiffs,  :

v.  :  No. 2:25-cv-00815

FMC CORPORATION, MARK A. DOUGLAS,  :
PIERRE R. BROUNDEAU, and ANDREW D.  :
SANDIFER,  :

    Defendants.  :
---------------------------------------------------- :

## ORDER

AND NOW, this 14th day of May, 2025, having considered the unopposed

Motion of Teamsters Local 710 Pension Fund (Teamsters 710), Macomb County

Employees' Retirement System and Macomb County Retiree Health Care Fund

(Collectively, Macomb County, and together with Teamster 710, the **Pension Funds**)

for consolidation, appointment as "Lead Plaintiff," and approval of their selection of Lead Counsel (the Motion) (*Mohammed*, Dkt. 16; *Macomb County*, Dkt. 5), the memorandum of law supporting the Motion, and the Declaration of Christina D. Saler in support thereof (*Mohammed*, Dkt. 17; *Macomb County*, Dkt. 6), it is hereby ORDERED that the Motion is GRANTED as follows:

1.      The above-caption cases (Related Actions)[1] are hereby CONSOLIDATED[2] pursuant to Fed. R. Civ. P. 42(a) and 15 U.S.C. 78u-4(a)(3)(B)(ii), under what will hereinafter be referred to as the "Lead Case," *Mohammed, et al. v. FMC Corporation, et al.*, Civil Action No. 2:25-cv-00771.

2.      This action is hereby retitled, "*In re FMC Corporation Securities Litigation*" and maintained under Civil Action No. 2:25-cv-00771 (Consolidated Action).   The Consolidated Action shall also be the docket of reference (Master Docket).

3.      The Consolidated Action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *IN RE* FMC CORPORATION SECURITIES LITIGATION | : : : | CIVIL ACTION No. 2:25-cv-00771 |
| | : | |
| This Document Applies To: | : : | |
| ["All Actions" or list specific action] | : | |

4.      The parties are hereby ORDERED to file all documents filed in the Consolidated Action under Civil Action No. 2:25-cv-00771.   When a pleading is

intended to apply to all actions to which this Order applies, the words "ALL ACTIONS" shall appear under the words "This Document Applies To:" in the caption. If a pleading is not intended to apply to all actions, the first named plaintiff in the docket number for each individual action to which the filing is intended to apply shall appear under the words "This Document Applies To:" in the caption.

5.    Pursuant to Local Rule 40.1(V), all cases related to the Consolidated Action filed before, on the same date of, or after the docketing of this Order shall be consolidated with, and placed on the docket of, the Consolidated Action.

6.    The Court requests the assistance of counsel in notifying the Clerk of Court of the filing, removal, or transfer of any case that may properly be consolidated as part of the Consolidated Action.

7.    When a case arising out of the same subject matter as the Consolidated Action is filed in this Court, removed to this Court, or transferred from another court, the Clerk of this Court is DIRECTED to:

     a.    file a copy of this Order in the separate file for such action.

     b.    mail a copy of this Order to the attorneys for the plaintiffs in the newly filed or transferred case, and to any new defendants in the newly filed case;

     c.    make the appropriate entry on the docket of the Consolidated Action;

     d.    mark the newly filed related action with the flag 25-771-GAW; and

     e.    add all counsel to the docket of the Consolidated Action who have or will have entered a notice of appearance in any related cases filed before, on the same date of, or after the docketing of this Order.

8.    The Clerk of Court shall mark CLOSED, for statistical purposes, all cases currently related to the Consolidated Action, as well as all subsequently filed cases determined to be related to the Consolidated Action.

9.    For each new case that is consolidated with the Consolidated Action, a party may object to consolidation, or to any provision of this Order, within ten (10) days after a copy of this Order is served on counsel for such party filing an application for relief, and this Court may deem it appropriate to grant such application.

10.    Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

11.    Pursuant to Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), the Pension Funds are hereby APPOINTED to serve as Lead Plaintiff in the Consolidated Action and any subsequently filed, removed, or transferred related action.[3]

12.    Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Lead Plaintiff's selection of the law firms Labaton Keller Sucharow LLP and Cohen Milstein Sellers & Toll PLLC as Lead Counsel is APPROVED.[4] Lead Counsel shall have the authority to speak for all plaintiffs and purported class members in all matters regarding the litigation, including pre-trial proceedings, motion practice, trial, and settlement. Additionally, Lead Counsel shall have the following responsibilities:

    a.  to brief and file motions;

    b.  to act as spokesperson at pre-trial conferences;

    c.  to initiate and conduct any settlement negotiations with defendants' counsel;

d. to be the contact among plaintiffs' counsel and to direct and coordinate the activities of plaintiffs' counsel;

e. to consult with and employ experts; and

f. to perform such other duties as may be expressly authorized by further Order of this Court.

13. No Motions, requests for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel.

14. Lead Counsel and counsel for Defendants are ORDERED to meet and confer consistent with this Court's Order dated March 18, 2025. *See* Master Dkt. 15.

BY THE COURT:

GAIL A. WEILHEIMER,  J.

---

[1]    The Related Actions are:  *Mohammed v. FMC Corporation, et al.*, Civil Action No. 2:25-cv-00771 (filed Feb. 13, 2025); and *Macomb County Employees' Retirement System, et al.*, Civil Action No. 2:25-cv-00815 (filed Feb. 14, 2025).  The Related Actions assert substantially similar claims on behalf of nearly the same putative class against the same defendants during the same class period.  *Compare Mohammed* Compl. at 15-16, *with Macomb County* Compl. at 1, 22-24.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), Plaintiff Mohammed caused notice regarding the pendency of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news wire service, on the same day his Complaint was filed, February 13, 2025.  This notice and publication established an April 14, 2025, deadline for lead plaintiff motions.  *See id.* ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

[2]    Under Fed. R. Civ. P. 42(a) consolidation is appropriate where actions involve a common question of law or fact.  *See also* 15 U.S.C. 78u-4(a)(3)(B)(ii).  On April 14, 2025, Teamsters Local 710 Pension Fund, along with plaintiffs from *Macomb County Employees' Retirement System, et al.*, (collectively, the Pension Funds) filed the combined Motion that is the subject of this Order.  No other parties likewise filed a Motion for consolidation and appointment as lead plaintiff and no other party timely opposed the Pension Funds' Motion.

[3]    The Private Securities Litigation Reform Act (PSLRA) establishes the framework to evaluate individuals and groups seeking appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The

PSLRA instructs district courts to adopt a rebuttable presumption that the most adequate plaintiff "is the person or group of persons that: (1) has filed the complaint or made a motion in response to notice under subparagraph A(i); (2) has the largest financial interests in relief sought by the class; and (3) otherwise satisfied Fed. R. Civ. P. 23." *Id.* (cleaned up).

Here, no other person or group has filed a motion for consolidation and appointment as lead plaintiff, and the Pension Funds have established that their financial interest is greater than that of plaintiff in the original Lead Action, *Mohammed*, No. 2:25-cv-00771. *Compare* Mot. for Consolidation, at 6, *with Mohammed* Compl. at 28 (unpaginated). Additionally, the Pension Funds have demonstrated a *prima facie* showing of typicality and adequacy, consistent with Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Finally, the Pension Funds are comprised of sophisticated, institutional investors as contemplated by the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d at 273-274. Accordingly, the Pension Funds satisfy Section 78u-4(a)(3)(B)(iii)(I) and are the most adequate plaintiffs in the consolidated action.

[4] Pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v), the Court approves the Pension Funds' choice of lead co-lead counsel, Labaton Keller Sucharow LLP and Cohen Millstein Sellers & Toll PLLC. The Court is satisfied that the combined body of work of the firms and history of working together will adequately protect the interests of the class.